# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

JOSHUA WATSON,

    Plaintiff,

v.

BRUCE CHATMAN; LARRY BREWTON;
and CHRISTOPHER BENNETT,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-98

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, (doc. 1), to contest certain conditions of his confinement at the Georgia State Prison in Reidsville, Georgia. Along with his Complaint, Plaintiff filed a Motion to Proceed *In Forma Pauperis*, (doc. 2). Plaintiff's Motion was granted by Order dated September 8, 2014. (Doc. 3.) Plaintiff was informed by the Court's September 8, 2014, Order of his obligation to inform the Court, in writing, of any change of address and that his failure to do so would result in the dismissal of his cause of action. (Doc. 3, p. 3.) Plaintiff signed the Consent to Collection of Fees form and returned it and the executed Prisoner Trust Fund Account Statement to the Court on September 22, 2014. (Docs. 4, 5.)

The Court's May 7, 2015 Order was returned to the Court and marked "Not at GSP, Return to Sender, Not at this Address" on May 26, 2015, because Plaintiff was no longer housed at Georgia State Prison. (Doc. 19.) However, Plaintiff failed to inform the Court, in writing or otherwise, of any new or different address, and the address Plaintiff originally provided the Court is still listed upon the docket and record of this case as his proper mailing address. The Court issued another Order dated May 29, 2015, (doc. 20), which was mailed to Plaintiff at Georgia

State Prison on May 29, 2015. This Order was returned to the Court on June 11, 2015. (Doc. 21) Given Plaintiff's failure to provide the Court with any other mailing address and the return of previous mailings sent to Georgia State Prison to Plaintiff's attention, the Court has been unable to communicate effectively with Plaintiff regarding the progress of these proceedings.

It is a long-established principle that this Court has the authority to dismiss an action sua sponte for a plaintiff's failure to prosecute his action and his failure to follow the Court's orders. Fed. R. Civ. P. 41(b); L.R. 41.1(b) (The Court may *sua sponte* dismiss "any action for want of prosecution, with or without prejudice[ ]" based on a party's "[w]illful disobedience or neglect of any order of the Court[.]"); Link v. Wabash Railroad Company, 370 U.S. 626 (1962).[1] While the Court exercises this authority with caution, dismissal is appropriate in the case at hand. Without a proper address for Plaintiff, the Court has no means to adjudicate the merits of his claims. Moreover, he was given ample notice of his obligation to inform this Court of any change of address, and he failed to do so.

Due to Plaintiff's failure to follow the instructions of this Court, it is my **RECOMMENDATION** that his Complaint be **DISMISSED**, without prejudice, and that the Clerk of Court be directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

Any party seeking to object to this Report and Recommendation is ORDERED to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that his failure to notify the Court of his change of address would result in dismissal of this action. (Doc. 3, p. 3.)

2

contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

**SO REPORTED** and **RECOMMENDED**, this 13th day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA